GUSTAFSON ET AL. v. URSALES ET AL.

*Easements—Right of way—Title by prescription—Non-observance of arbitration conditions—Injunction—Words and phrases— "Let" and "hindrance" synonymous, when.*

1. The submission by the user to arbitration of his right to use a strip of land as a road leading to a public highway is inconsistent with the claim that its use has been of a character which has ripened into a title by prescription; and where the condition imposed for its use by the arbitration has not been observed, injunction lies against its further use.

2. The phrase "without let or hindrance" is a tautological expression in which the word "let" does not mean "permission," but has the same meaning as "hindrance," and the adoption of this phrase in defining the nature of the "use" which has been enjoyed in no way assists in establishing a right by prescription.

(Decided September 24, 1914.)

APPEAL: Court of Appeals for Butler county.

JONES, E. H., J.; SWING and JONES, O. B., JJ., concurring.

This case was heard on appeal from the court of common pleas. The plaintiffs herein, August Gustafson and Franciska Gustafson, asked for an injunction enjoining the defendants, Jacob Ursales and Veronica Ursales, from using a part of plaintiffs' farm as a roadway leading from the lands of defendants to a public highway. The claim of the defendants to the use of the roadway rests upon a long and continued use thereof by themselves and their predecessors in title, which use it is claimed by them has been open, continuous and adverse for a much longer period than twenty-one years, and has ripened into a right by prescription. This is

met by the plaintiffs with the allegation that said use has been permissive only; and further, that such permission was conditioned upon the keeping up of a certain fence along said right-of-way and upon the lands of plaintiffs by the users of said roadway.

The question thus presented is a simple one, but the evidence is somewhat vague and unsatisfactory as to the real terms and conditions under which such roadway has been used for about half a century. It clearly appears, however, from the evidence, that some forty years ago a dispute arose with reference to said roadway between Mr. Roll, the immediate predecessor in title of the defendants, and Mr. Johnson, then the owner of the servient tract. The matter was submitted to arbitration and it was decided that Roll should have the use of the roadway upon the condition that he maintain in good order the fence above referred to. This decision was ratified by the parties, but was not in writing. No other agreement or action with reference to said easement appears from the evidence, and Mr. Roll continued to use the roadway upon those terms until about seven or eight years ago, when he sold the farm to the defendants and they moved thereon.

The act of Mr. Roll in submitting the matter to arbitration is inconsistent with a claim on his part to the use of the roadway such as would ripen into a title by prescription.

It appears from the testimony of Mr. Hussey that about ten years ago permission was asked and secured from the then owner of the tract of land over which the roadway passed for Mr. Hussey

to pass over and along said roadway in going to and from the lands of Mr. Roll, which he had rented. There are some other facts and circumstances related by witnesses, but aside from those referred to there is nothing which throws much light upon the question involved here.

After giving the case careful consideration we have reached the conclusion that the evidence does not support the claim of a right of user by prescription. It appears that the use of the strip of ground as a roadway was looked upon and considered by the parties interested as a permissive one. The evidence clearly shows that it was always conditioned upon the maintenance of a fence and that this fence, at the time this action was brought in the court of common pleas, was out of repair and not such a fence as met the requirements of the agreement. The permission to use the roadway had been forfeited by the defendants in deliberately failing to maintain the fence after they had been informed that such was the condition upon which the roadway could be used.

In the case of *Holtsberry* v. *Bounds et al.,* 9 C. C., N. S., 510, which involves a like question, the court found that the right to use the roadway was conditional upon keeping the gates closed, and that although the gates had been left open at times, the failure to close them did not work a forfeiture of the easement. We think, however, that there is a marked distinction between the failure to close a gate or gates and the failure to keep a fence in repair. The former can be attributed, from our experience, to an occasional inadvertence, while

the latter must be accounted for by deliberate and continued neglect and indifference.

The case of *Pavey* v. *Vance et al.,* 56 Ohio St., 162, is relied upon by defendants. The propositions of law stated in the syllabus, when carefully considered in the light of the evidence in this case, strongly support the contention of plaintiffs. The first paragraph of the syllabus says:

"Where one uses a way over the land of another without permission as a way incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself adverse, and evidence of a claim of right. And where the owner of the servient estate claims that the use was permissive, he has the burthen of showing it."

We see that the use must be "without permission." The facts in the case cited, as stated in the opinion, show the absence of any evidence whatever that any express permission had been given for the use of the roadway, and in that respect it differs materially from the case at bar. It appears from the opinion in the case of *Pavey* v. *Vance et al., supra,* that the learned judge in writing his conclusion founded it upon a misconception of the meaning of the word "let" as used in the phrase "without let or hindrance." There was a finding of facts by the circuit court in which it was found that the use of the roadway had been "without let or hindrance" for a period of over twenty-one years. It is apparent from the language used at the close of the opinion, on page 174, that the word "let" was construed as synonymous with the word "permission," and that the circuit court having found that the use was without permission, such

finding was binding upon the reviewing court. A little investigation would have disclosed that the word "let" has no such meaning when used in the phrase "without let or hindrance." As there used it means "obstruction," "obstacle." It is so defined in every dictionary which we have been privileged to consult. The Century Dictionary says that the phrase "without let or hindrance" is tautological—in other words, that the words "let" and "hindrance" mean the same thing.

Counsel for defendants have used this phrase with some frequency in the pleadings and brief in this case in describing the nature of the user here involved. When correctly interpreted the use of these words in defining the nature of the user can not help to establish a right by prescription, and on the theory that the phrase may have been inadvertently used, we have pointed out the manifest mistake in the definition of the word "let" adopted by the supreme court in the above case.

We are of the opinion that the plaintiffs have succeeded in sustaining the burden of showing that the use of this roadway was by permission only.

A perpetual injunction will be allowed; neither party will be awarded any money judgment, and the parties will be required to pay their own costs.

*Perpetual injunction allowed.*

*Messrs. Shank & Koehler,* for plaintiffs.

*Mr. W. S. Bowers* and *Mr. C. J. Smith,* for defendants.