Court of Appeals for Lucas County.

LOUIS H. PAINE V. CARL H. KELLER, AS MAYOR OF THE CITY OF
TOLEDO; AND WILLIAM E. CORDILL V. CARL H. KELLER,
AS MAYOR OF THE CITY OF TOLEDO.

Decided, January 5, 1915.

*Civil Service—Mayor May Remove Civil Service Commissioners—Juris-
diction to Determine Title to a Public Office—Injunction.*

1. Injunction will not lie to prevent the mayor of a city from proceed-
   ing under favor of 103 O. L., 709 (Section 19, Municipal Civil Serv-
   ice), to remove from office the municipal civil service commis-
   sioners, even though the petitions allege that the mayor is about
   to cause such removals without any sufficient charges being filed,
   or without any charges whatever and without a hearing.
2. The jurisdiction to determine the title to a public office is vested ex-
   clusively in the courts of law under procedure established by stat-
   ute, and can not be interfered with by a proceeding in equity.

*Kohn, Northup, Ritter & McMahon* and *Frank G. Crane,* for
Louis H. Paine.
*Ray & Cordill,* for William E. Cordill.
*Webster & Kirtley,* for defendant.

RICHARDS, J.; KINKADE, J., and CHITTENDEN, J., concur.

Appeals from orders dissolving temporary injunctions.

These two actions are injunction proceedings brought to pre-
vent the mayor of the city of Toledo from removing the plaint-
iffs as civil service commissioners of that city. They involve
the same matters and, having been argued together, may be con-
veniently disposed of in one opinion.

In each case the plaintiff is one of the civil service com-
missioners of the city of Toledo. No answer has been filed in
either case, but the actions have been submitted to the court
upon motions and the sufficiency of the petition in each case
is questioned, the defendant claiming that no cause of action
is set forth justifying the allowance of a temporary injunction.

It appears from the petitions that the Civil Service Commission of the State of Ohio has made and submitted a written report to the mayor of the city of Toledo of a certain investigation relative to certain claimed violations of the civil service law by the Civil Service Commission of the city of Toledo. The petitions further allege that the defendant has served on each of the plaintiffs a copy of this written report, and they aver substantially that the defendant has announced that, because of such report, he will remove the respective plaintiffs from their offices as members of the Civil Service Commission of the city of Toledo. In the case brought by Mr. Paine he avers that neither the report of the investigators nor the report of the State Civil Service Commission makes any charge against him of inefficiency, neglect of duty or malfeasance in office on his part, and that no copy of any such charges has been filed with the defendand, nor served upon him, and that the defendant has not made any such charges against him. His petition in short denies the making of any charges against him within the purview of the statute providing for the establishment of a civil service commission and the removal of any of its members, and he avers in the petition that the only charge made against the Civil Service Commission of the city of Toledo as a commission and contained in the report of the special investigators, is as follows:

"That the spirit of the civil service law has been violated in the failure of the municipal civil service commission to investigate the violations of the civil service law in said city. We believe that the spirit of the civil service law is violated in holding oral examinations of the character held in Toledo, and that positions of such importance ought not to be filled from those who pass examinations exclusively oral because there is no method of preserving the record of the actual examination, which leads to distrust on the part of the people upon the fairness of such examinations."

In the petition filed on behalf of Mr. Cordill it is admitted that certain charges have been filed against the Civil Service Commission of the city of Toledo, but averred that none have been filed against the plaintiff himself, and it is averred that these pretended charges are as follows:

"1st. Appointments have been made to numerous important positions without any examinations.

"2d. That persons separated from the service, due to the fact of the positions having been abolished, or unnecessary, have not been placed at the head of appropriate eligible list.

"3d. That the spirit of the civil service law has been violated in the failure of the municipal civil service commission, to investigate the violations of the civil service law in said city."

The petition further avers that none of these charges are sufficient in law to constitute a cause of action for the placing of plaintiff on trial before said defendant or for the removal of plaintiff from his office. The petition further avers that the defendant has openly and publicly stated: "That there is no question in my mind what I will do. There is but one thing for me to do. I will dismiss Cordill (plaintiff herein), Paine and McMahon." The plaintiff alleges that the defendant is prejudiced against the plaintiff and has pre-judged his case and threatens to remove him on said pretended charges without a hearing.

In the action brought by Mr. Paine he prays that the defendant may be restrained from removing him from his office as a member of the civil service commission; and in the action brought by Mr. Cordill he prays that the defendant may be restrained from proceeding with a hearing on the pretended charges and from removing him from his office of civil service commissioner of Toledo.

It will be observed from this summary statement of the averments of the petitions that in the action brought by Mr. Paine he, in effect, avers'that the mayor is about to proceed and remove him from his office without any charges being made against him, and that in the action brought by Mr. Cordill the contention is made that the only charges which have been filed are against the Civil Service Commission of the city of Toledo as such, and not against Cordill individually, and that these charges are insufficient in law upon which to base an order of removal. The Paine case, conceding the allegations of the petition to be true, is one in which it appears that the mayor is about to act under such circumstances as would involve an en-

tire want of power on his part to proceed; while in the other case, conceding the allegations of the petition to be true, the mayor is about to act on charges not against an incumbent of the office, but against the commission itself, and on charges which are insufficient in law.

The statute which clothes the mayor with authority to act on these matters is the act to regulate the civil service of the state of Ohio, and the particular part to which reference is made is found in Volume 103 Ohio Laws, page 709, and is known as Section 19 of the municipal civil service. The pertinent portion of that section is as follows:

"The chief executive authority of such city may at any time remove any municipal civil service commissioner for inefficiency, neglect of duty or malfeasance in office, having first given to such commissioner a copy of the charges against him and an opportunity to be publicly heard in person or by counsel in his own defense, and any *such* act of removal shall be final." The italics are not in the statute but are the court's.

It is contended on behalf of counsel for the defendant that injunction will not lie to prevent the threatened action of the mayor, and that is really the only question which we have for decision. We have given the matter very careful consideration and have arrived at a solution which we believe is in accordance, not only with principle, but with an almost universal current of authority.

The statutes of Ohio creating the Civil Service Commission provide the means and method for removing any commissioner who shall have been found guilty of inefficiency, neglect of duty or malfeasance in office, but, under the language of the statute, such removal can only be made after the commissioner shall have been given a copy of the charges filed against him and an opportunity to be publicly heard in his own defense. The duty of passing upon the charges which may be made must be vested by the General Assembly in some person or body; and by the act from which the quotation has just been made, the General Assembly has seen fit to vest that power in the mayor. Under the fundamental principles of law, if the mayor should attempt

to proceed without any charges being filed, or upon charges that are insufficient in law, his action could not be restrained by a court of equity if the law provides any other adequate remedy.

In the case of *Kerr* v. *Hinkle*, as mayor of the city of Columbus, 12 O. D., 365, Judge Bigger of the Court of Common Pleas had under consideration matters very similar to those involved in the present action and he reached a conclusion, supported by an array of authorities and unanswerable reasons, that an action of injunction could not be maintained.

*In re Sawyer et al*, 124 U. S., 200: It appeared in this case that the mayor of the city of Lincoln was about to remove the police judge, and the Supreme Court of the United States, after an extended examination of the authorities, announced the doctrine that a court of equity had no jurisdiction of a bill to restrain the removal of a public officer.

It is stated in 22 Cyc., 886, that the general rule is that equity will not enjoin the removal of public officers where the power of removal is vested in executive or administrative boards or officers or is entrusted to a judicial tribunal, and that it is immaterial that the appointee is within the protection of the civil service rules. That general rule has been followed in this state ever since the establishment of the courts. To hold otherwise would be for the courts to usurp the functions which have been vested by statute, under the civil service law, in the mayor. The principle is not violated by cases which hold that in proceedings in quo warranto a temporary injunction may be granted as an incident to the main action to try the title to the office, and for the purpose only of holding matters in *statu quo* until the case shall have been determined by the court.

In the cases at bar, if the mayor should undertake to remove the plaintiffs without any charges being filed against them, or assuming to act on charges which are insufficient in law, an adequate remedy would exist at law for their relief. By the terms of the statute the mayor is without power to act until charges sufficient in law have been made against the commissioners, and if he should act without charges, an order of removal so made would be a nullity. In case of such attempted

removal and the appointment of successors who should there-upon undertake to exercise the functions of civil service commissioners, the title to the office could be determined in a proceeding commonly resorted to for such purpose and known as one in quo warranto.

I call attention to the case of *State, ex rel Attorney-General,* v. *Hoglan et al,* 64 O. S., 532, which was a proceeding in quo warranto to determine the title of certain civil service commissioners in the city of Columbus, it being claimed that the commissioners had been removed without notice or opportunity to be heard, and upon insufficient charges. In the course of the opinion in that case the Supreme Court use the following language:

"Power is conferred on the mayor to remove any commissioner for incompetence, neglect of duty, malfeasance in office, habitual drunkenness, or gross immorality; and any manifest failure on the part of any commissioner to enforce the provisions of the act. The power is one that can not be arbitrarily exercised. It requires charges to be made, supported by such a statement of facts as in judgment of law constitute the charge made; and an opportunity to the party to be heard. Whilst the court can not pass on the truth of the facts alleged, or interfere with the discretion of the mayor in this regard, it may and will, when appealed to, pass on the sufficiency of the facts on which the charges are made."

It will be noticed that the statute governing the disposition of any charges which may be made against the plaintiffs, provides that the mayor may order the removal of a commissioner for any one of three causes, namely, inefficiency, neglect of duty, or malfeasance in office, and that this order may only be made after such commissioner has been given a copy of the charges made against him and an opportunity to be publicly heard in his own defense. The statute then concludes with the following words, "and any such act of removal shall be final." We think the General Assembly by the use of this language last quoted contemplated that an order of removal in order to be final, must be in accordance with the provision of the statute by which the mayor is clothed with authority to remove. An arbitrary order

of removal not based on charges sufficient in law and without any opportunity of being heard, would not be such a removal as is contemplated by the statute.

Under a similar statute the Supreme Court held in *State, ex rel Holbrook,* v. *Egry,* 79 O. S., 400, in language found on page 406, as follows:

"There were similar provisions in the former municipal code and there are such statutory provisions respecting other officers and boards, and the court has, in numerous cases respecting them, held, in effect, notwithstanding the statute assumes to confer exclusive power or to make the determination final, that the courts, although they may not judge on the merits, have authority to keep such tribunal, board or officers, within the limits of their jurisdiction, and to compel them to exercise it with regularity."

We are unanimously of the opinion that under the facts set forth in these petitions, injunction will not lie to prevent the removal of the plaintiffs nor to prevent a hearing by the mayor of any such charges as may be made against them or either of them. Of course, we are not now passing upon the sufficiency of any charges which may have been made. Those charges, if any such exist, are not now before us and we express no opinion as to their sufficiency. They are not set forth in the petition in either case and even if they were included in the petition, their sufficiency could not be determined in an action for injunction.

We hold, therefore, that the plaintiffs are not entitled to the remedy of injunction, and the temporary restraining order will be dissolved.


KINKADE, J.

I concur in the conclusion reached and also in all that has been stated in the opinion of Judge Richards. It is fundamental, as has been stated, that the extraordinary writ of injunction will not be issued where there exists an adequate remedy at law, and it is equally fundamental that it will not be issued where the party seeking the injunction has no need of any remedy either in equity or at law. With commendable frankness

counsel for the petitioners in these cases plant their case on the proposition that the mayor was wholly without power to take the action which he threatened to take. If that be true, then, as stated in the opinion of Judge Richards, the action, if taken, would be an utter nullity, void from every view point, and it is somewhat difficult to see how an act of this character, utterly void, could in any wise violate or interfere with the rights of the petitioners. Void action is no action, and it may be entirely disregarded by the persons against whom it is sought to be directed in its effect; and this is sufficient reason alone, it seems to me, to deny the prayer of these petitions for an injunction.

CHITTENDEN, J.

I concur in the conclusion reached and in what has been said by both of my associates.