GALLAGHER, APPELLANT, *v.* LEDERER ET AL., APPELLEES.

(No. 7110—Decided July 11, 1949.)

*Mr. Walter K. Sibbald,* for appellant.
*Mr. William P. Hohmann,* for appellee Ella Lederer.
*Mr. John H. Heilker,* for appellee Emma Rick.

HILDEBRANT, J. By his amended petition, containing two separate causes of action, plaintiff herein seeks to have declared forfeited and cancelled of record a cer-

tain written agreement, granting a right of way for ingress and egress and all utility purposes over his certain described premises, and for a permanent injunction against such continued use.

Separate demurrers to each cause of action were sustained by the court and, plaintiff not desiring to plead further, the petition was dismissed. That action of the court is the basis of the appeal here on questions of law.

In the statement of the first cause of action, plaintiff alleges, in substance, that defendant Lederer and husband threatened to sue him for great damages, and that, while he was not liable in damages to the Lederers, at that time plaintiff's wife was seriously ill and he feared if such a suit were filed against him it would endanger her life, and he was thereby induced involuntarily to execute the right-of-way agreement.

The demurrer does not admit plaintiff's legal conclusion that he was not liable in damages at the suit of the Lederers, nor does it admit his nebulous conclusion, amounting merely to his opinion, that the life of his wife was endangered.

As to what constitutes duress, it is stated in 9 Ohio Jurisprudence, 285, Section 52:

"Duress to avoid a contract must amount to a threatening of personal harm or a deprivation of liberty or of property.

"The fear of some impending peril or financial injury, or the mere fact that one's act is reluctant, does not constitute duress. Duress involves illegality and implies that a person has been unlawfully constrained by another to perform an act under circumstances which prevent the exercise of free will, and it can never constitute fraud or duress to do as and what a person has a legal right to do, whatever the pecuniary consequences may be to those with whom he deals." *Bart-*

*lett* v. *Richardson Co.*, 27 Ohio App., 263, 161 N. E., 403.

In 17 American Jurisprudence, 892, Section 17, it is stated:

"It is the well established general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights. It is never duress to threaten to do that which a party has a legal right to do, and the fact that a threat was made of a resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as will avoid liability on a compromise agreement. Hence, a deed is not given under duress when made as counter-security to sureties upon their threat that otherwise they will compel, by legal process, the settlement of the matters for which they are sureties, and a mortgage given to secure a creditor on a running account is not invalid for duress if given after threats are made to shut off the account and sue for the amount due."

Plaintiff urges that under the modern doctrine the rule is changed. The so-called modern doctrine is stated in 17 Corpus Juris Secundum, 533, Section 175, as follows:

"Under the modern doctrine there is no standard of courage or firmness with which the victim of duress must comply at the risk of being without remedy; the question is merely whether the pressure applied did in fact so far affect the individual concerned as to deprive him of contractual volition; if it did there is duress, if it did not there is none."

However, at page 535, Section 175, it is stated:

"The threat of civil litigation does not constitute duress, even under the modern doctrine, unless there

is involved some actual or threatened abuse of process."

We find therefore the demurrers as to the first cause of action were properly sustained.

In the statement of his second cause of action, plaintiff alleges that in addition to the sum of $200, the consideration for the granting of the easement was expressed and defined in the agreement as follows:

"It is agreed by both parties that there is to be no parking on said road and it is to be kept open at all times and free of any obstructions, and the driveway or driveways leading to the two buildings which are being constructed by Ella Lederer, or any future owners of the Lederer property, will be so made that vehicles using the road will be able to pass there. It is further agreed that upon the completion of the two buildings now being erected upon the Lederer property that the road will be restored in as good condition as it was prior to the beginning of said construction work, and said road from Sutton avenue to the end of the Lederer property shall thereafter be kept in good repair by both parties, except that Ella Lederer shall pay two-thirds of the upkeep after restoration, and Walter J. Gallagher shall pay one-third thereof, until such times as additional homes are built upon the Gallagher or Lederer properties, or lots sold from either tract, then the cost of maintenance shall be borne ratably and in the same proportion by those using the road, and neither party, nor their heirs or assigns shall be required to maintain said road if it shall at any time hereafter be dedicated and accepted for public use. It is agreed between the parties hereto, and their heirs and assigns, that they shall keep the weeds cut on said road, and it shall be sufficient if the weeds are cut twice each year seasonably, between June 1st and September 30th, further that Ella Lederer and her

heirs and assigns shall cut the weeds for a distance of 600 feet beginning at Sutton avenue, and Walter J. Gallagher and his heirs and assigns shall cut the weeds on the remaining 300 feet of said road * * *.''

Plaintiff then alleges a breach of all the above conditions and that by constructing certain driveways defendants accumulate surface waters and deposit same on the right of way to its damage.

The court sustained the demurrers to the second cause of action on the authority of *City of Cleveland* v. *Herron*, 102 Ohio St., 218, 131 N. E., 489. That case involved a transfer of title by deed with no provision for a reverter, whereas the case at bar involves simply a contract for an easement over plaintiff's land.

The major consideration consisted of the promises made by defendants which plaintiff alleges have not been kept. Whether the claimed breach amounts to an abandonment of the easement entitling plaintiff to a forfeiture or not, it would seem that plaintiff is entitled to some relief to secure performance of the agreement.

Defendants' right to use the way granted is conditional on keeping the promises made in the grant. *Holtsberry* v. *Bounds*, 9 C. C. (N. S.), 510, 19 C. D., 257. That principle was applied by this court in *Gustafson* v. *Ursales*, 3 Ohio App., 136.

We find therefore it was error to sustain the demurrers to the second cause of action, for which error the judgment is reversed and the cause remanded.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion and judgment.