GALLAGHER, Appellant, v. LEDERER et, Appellees.

Ohio Appeals, First District, Hamilton County.

No. 7266.   Decided August 9, 1950.

Walter K. Sibbald, Cincinnati, for appellant.
William P. Hohmann, Cincinnati, for appellee Ella Lederer.
John H. Heilker, Cincinnati, for appellee Emma Rick.

(DOYLE, J, of the Ninth District, and McNAMEE, J, and HURD, J, of the Eighth District, sitting by designation in the First District.)

## OPINION

By DOYLE, PJ.

The record before us contains a deed of conveyance of a right of way over lands owned by the appellant.   A part of the instrument reads as follows:

"* * * that Walter J. Gallagher, in consideration of the above covenants which shall run with the land, and the additional

sum of $200.00 to him paid by Ella Lederer, does grant, bargain, sell and convey to said Ella Lederer, her heirs and assigns forever, a right of way for ingress and egress, water, gas, electricity and all utility purposes, over the following described real estate, which immediately adjoins the property of said Ella Lederer on the north, and which is described as follows: * * *.

"To have and to hold said easement and right of way to the said Ella Lederer, her heirs and assigns forever.

"The covenants herein set forth shall run with the land and (to) the future owners of the lands described herein and their heirs and assigns." (Emphasis ours.)

The instrument then contains the signatures of the grantor and the grantee and their respective spouses. The complete execution of the deed of conveyance was in compliance with the terms of the statute.

The covenants, to which references are made in the above grant, are fully set out in **Gallagher v. Lederer, 86 Oh Ap 181,** at **p. 184,** and are incorporated herein by reference.

This instrument was duly recorded in Deed Book 2268, at p. 397, of the Hamilton County Records.

The litigation here before us for decision, pursuant to an appeal on questions of law and fact from the Common Pleas Court of Hamilton County, was commenced by the above-named Walter J. Gallagher, and he "prays that said easement agreement be declared to be forfeited; for an order of cancellation thereof, to be recorded in the land records of Hamilton County, Ohio; that said defendants and all persons claiming under them be forever enjoined from using plaintiff's said land for the purposes described in said easement agreement or for any other purpose; that plaintiff's title to said land be quieted against any claim of said defendants or any persons claiming under or through them; and for such other relief as may be proper."

As a basis for the relief sought, the appellant charges a breach of the covenants, and that, by constructing certain driveways, appellees accumulate surface waters and deposit same on the right of way, to its damage.

It appears that, when this suit was first commenced in the Common Pleas Court, it contained two separate causes of action, and a demurrer was filed and sustained as to each. Upon appeal to the Court of Appeals, the judgment on the first cause of action was sustained, but, as to the second one, the judgment was reversed and the cause remanded.

It is now claimed by the appellant that the decision of the Court of Appeals establishes the law of the case, as follows:

"2. Where the major consideration for a contract for an easement granting a right of way over land consists of promises with reference to the condition and maintenance of the right of way, a petition alleging the failure to keep the promises states a cause of action for equitable relief and is good against demurrer." **Gallagher v. Lederer, 86 Oh Ap 181.**

In this connection (without passing on the merits of the claim of "law of the case"), it is observed that the plaintiff's petition pleaded parts only of the instrument creating the easement, and, from the petition (which was the only thing before the court), that court construed it as pleading "a contract for an easement" with a possible condition subsequent.

We do not here question the soundness of that decision, based upon that court's interpretation of the language of the **petition.** We are not now called upon to determine the sufficiency of the pleading. That has already been done. It is our province only to determine from the evidence whether the appellant is entitled to relief; and, in making this determination, we look only to the evidence before us, submitted in the light of the pleadings.

As we view the instrument before us, we find it is entitled "Grant of Easement," and that it contains all of the essentials necessary to convey to the grantee the rights and privileges therein set forth. It is an express grant of a right to the use of real property, and is executed with all of the legal formalities of a deed of conveyance. The instrument does not contain language indicating a condition subsequent, nor a right to forfeiture or reverter. It is a rule of universal application that no deed or grant will be construed as creating such a condition, unless language to that effect is clear and leaves room for no other construction.

It is to be further noted that the parties themselves expressly called the provisions in the instrument of conveyance "covenants," and the use of this legal term is indeed significant of their intention. While this language standing alone would not make such provisions "covenants," it has an important bearing on the intention of the parties, for the reason that technical terms in a conveyance are presumed to have been used with their accustomed meaning, unless the circumstances and context indicate a different intent.

It is the conclusion of the members of this court that the grant is absolute, and that the promises of the grantee are covenants and not conditions subsequent; that the alleged failure of the grantee to fulfill the promises and agreements which entered into the execution of the grant and which were to be performed in the future, even if true, are not sufficient

326

grounds, in the absence of fraud, to justify a court of equity in rescinding an executed grant of an easement appurtenant. This is especially so in the absence of language importing a right to a forfeiture or reverter.

See: City of Cleveland v. Herron, 102 Oh St 218.

A journal entry will be prepared denying the relief prayed for, and dismissing the petition.

McNAMEE, J, and HURD, J, concur.