WATKINS, APPELLANT, *v.* LEDERER ET AL., APPELLEES.

(No. 7604—Decided October 6, 1952.)

Mr. *Walter K. Sibbald,* for appellant.
Mr. *William P. Hohmann,* for appellee Ella Lederer.
Mr. *John H. Heilker,* for appellee Emma Rick.

*Per Curiam.* The basic facts of this case have been before this court on two prior occasions. See *Gallagher* v. *Lederer,* 86 Ohio App., 181, 90 N. E. (2d), 412; and *Gallagher* v. *Lederer,* 60 Ohio Law Abs., 323, 102 N. E. (2d), 272.

As between the parties to those cases the issue was settled. By those decisions the defendants were adjudged to have a right or easement on and over "Gallagher Lane" under the grant to them by Walter Gallagher by duly executed deed dated October 25, 1947.

After this controversy had reached the apparent repose of a final judgment, Walter Gallagher (the plaintiff in the action and the grantor in the conveyance of October 25, 1947), discovered that in the partition of his father's estate between himself and his brother, Ray Gallagher, the latter manifestly through mistake and contrary to their intent did not include in his deed to Walter Gallagher the strip over which this easement was granted to the defendants. After making this discovery and knowing that Ray Gallagher had intended to convey his one-half interest to Walter Gallagher thereby vesting in Walter Gallagher the complete fee simple legal title, Walter Gallagher asked his brother to correct the situation. Ray Gallagher, recognizing the mistake in the partition deed, readily agreed to make a conveyance to Walter Gallagher without any new consideration accruing to him. However, when the deed was presented it was disclosed that Walter Gallagher through his attorney made an arrangement with his stepson to accept the title. Ray Gallagher executed the deed conveying his one-half to the stepson who is the plaintiff in this action. The reason the grantee was changed was Walter Gal-

lagher's belief that if the conveyance was made to him he could not assert the title against these defendants to invalidate their easement.

Notwithstanding the partition deed did not include this tract, in view of the admitted intention of the parties that it should be included and their belief for years that it had been included, we are of the opinion that the equitable title to the undivided one-half interest inherited by Ray Gallagher was vested in Walter Gallagher so that at the time he granted the easement to Ella Lederer, defendant, he owned the legal title to an undivided one-half interest and the equitable title to the other one-half interest. The exchange of the partition deeds constituted sufficient consideration for the agreement. 35 Ohio Jurisprudence, 160 *et seq.* Walter Gallagher could have obtained a decree of reformation of the partition deed so as to make it embrace this strip. 35 Ohio Jurisprudence, 160 *et seq.*, 45 American Jurisprudence, 594, Section 20.

We find that the plaintiff paid no consideration for this conveyance to him and knew of the circumstances of the title, and has no better title than his grantor had, which was subject to the right of Walter Gallagher to require a reformation of the partition deed and a quieting of title. By his deed, Walter Gallagher burdened his entire title—legal and equitable—with the easement.

And as Walter Gallagher has been in undisturbed possession during all the intervening years, laches would be no defense to such an action. 16 Ohio Jurisprudence, 270, Section 114.

For these reasons, we find equities in favor of the defendants, Ella Lederer and Emma Rick.

*Judgment accordingly.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.