BRITE METAL TREATING, INC., Appellant,

v.

RESERVE IRON AND METAL, INC., Appellee.

[Cite as *Brite Metal Treating, Inc. v. Reserve Iron & Metal, Inc.* (1988), 61 Ohio App.3d 206.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54757.

Decided Dec. 19, 1988.

*Richard G. Waldron,* for appellant.

*Zashin, Rich, Sutula & Monastra Co., L.P.A.,* and *Lawrence J. Rich,* for appellee.

NAHRA, Presiding Judge.

Plaintiff Brite Metal Treating, Inc. appeals the judgment of the court of common pleas dismissing its complaint against defendant Reserve Iron & Metal, Inc., in which plaintiff sought money damages for damage allegedly caused to plaintiff's driveway and surrounding areas through use of an easement for defendant's business.

Plaintiff leases industrial property situated on Bessemer Avenue in Cleveland, Ohio. Defendant leased a building on the back of the property, by which the company obtained an easement to use a common driveway from Bessemer Avenue. Trucks made use of the common driveway to service defendant's scrap yard. Plaintiff maintains that defendant is responsible for damage to the driveway resulting from use of that easement.

The trial court determined that it first had to decide as a matter of law the extent of the permissible burden on the easement, prior to a jury consideration of whether the defendant did misuse the easement and the extent of the damages, if any. At a hearing before the court, Roy Curtis, an officer of plaintiff corporation, testified about defendant's use of the driveway and the resultant damage. He stated that plaintiff was responsible for maintaining the driveway and that plaintiff put a sealer on it every six or seven years. He testified that defendant's employee had informed him that defendant would repair the driveway when defendant moved to a new location.

He further testified that defendant did make some repairs, but that the repairs were not to his satisfaction. Jeffrey Plonski, defendant's operating manager, testified concerning the repairs made by defendant.

During trial the court stated that " * * * I am not sure this case is ever going to get to a jury. * * * It begins to appear to me that it is an equity case rather than a jury case." At the close of all the evidence, the court found that there was not sufficient evidence to present the matter to a jury in that plaintiff had not proved a right to damages for defendant's alleged overburdening of the easement or proved that defendant did overburden the easement. The court dismissed plaintiff's complaint.

Plaintiff timely appeals the dismissal of its complaint, raising the following assignment of error:

"The trial court erred by refusing to permit a trial by jury where there were no equity issues and the jury demand was not waived."

Appellant claims the court erred in failing to permit its case to be heard by a jury. It is apparent from the record that the trial court considered the instant case to come within the equity jurisdiction of the court and on that basis denied appellant a jury trial.

Upon our review of the record, we agree with appellant's contention.

It is well-established that equity will not intervene where there is an adequate remedy at law. *Associated Estates Corp. v. Bartell* (1985), 24 Ohio App.3d 6, 24 OBR 28, 492 N.E.2d 841. In the instant case, the pleadings reveal that the relief requested by the appellant consisted of money damages for injury allegedly caused by appellee's use of a common driveway. Money damages under the facts of this case would be an adequate legal remedy as they could repair the injury, the source of which no longer exists, and they are not subject to speculation. Easement disputes may be resolved in a court of equity, as suggested by appellee, but these suits in equity generally involve the issuance of injunctions and the remedy of specific performance. See *Shields v. Titus* (1889), 46 Ohio St. 528, 22 N.E. 717; *Gallagher v. Lederer* (1949), 86 Ohio App. 181, 41 O.O. 29, 90 N.E.2d 412. Where money damages alone are sought by the landowner for injury to a right of way, as in this case where the owner of the easement has vacated the property, there is a plain and adequate remedy at law. See *Lyon v. Fels* (1901), 8 Ohio N.P. 450.

Thus, the court inappropriately invoked its equity jurisdiction and made a number of factual findings that properly should have been determined by a jury.

Accordingly, appellant's assignment of error has merit.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

*Judgment accordingly.*

PARRINO and MITROVICH, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment.