**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1388
_____

UNITED STATES OF AMERICA

v.

BRENT ANTHONY BENITO,
                *Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-22-cr-00243-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2024

Before:  SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: December 5, 2024)

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brent Anthony Benito, a citizen of Trinidad and Tobago, was convicted of hampering removal in violation of 8 U.S.C. § 1253(a)(1)(C). On appeal, he challenges the District Court's rejection of his proposed good faith jury instruction. We will affirm.[1]

We review a district court's denial of a request for a good faith jury instruction for abuse of discretion.[2] At trial, the District Court instructed the jury that the parties had stipulated to three of the four necessary elements to prove that Benito hindered his removal from the United States. Thus, the only issue for the jury to decide was whether Benito "knowingly and intentionally connived, conspired, or took any other action designed to prevent and hamper and with the purpose of preventing and hampering his departure from the United States."[3] The District Court further instructed the jury on the meaning of "knowingly" and "intentionally."[4]

Benito does not challenge the legal correctness of these instructions. Instead, he contends that the District Court erred by failing to provide a jury instruction on the good faith defense. However, we have repeatedly held "that a district court does not abuse its discretion in denying a good faith instruction where the instructions given already contain a specific statement of the government's burden to prove the elements of a 'knowledge' crime."[5] When the "instructions, taken as a whole, adequately define[] the elements of the

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] *United States v. Titus*, 78 F.4th 595, 602 (3d Cir. 2023).

[3] App. 138.

[4] App. 138.

[5] *United States v. Leahy*, 445 F.3d 634, 651 (3d Cir. 2006); *see also United States v. Gross*, 961 F.2d 1097, 1102–03 (3d Cir. 1992); *Titus*, 78 F.4th at 602. Benito contends that these cases are distinguishable because they "involved charges that did not contain a statutory good faith defense (while § 1253(a)(2) does)." Reply Br. 4 (emphasis omitted).

crime, including the intent requirement, . . . a good faith instruction [is] unnecessary and redundant."[6] Here, the District Court did not abuse its discretion by refusing to provide a good faith instruction because it sufficiently defined the elements of the crime, including the government's burden to prove that Benito acted with the requisite scienter. We will affirm.

---

Section 1253(a)(2), however, is not a good faith defense. Rather, it "relieves an [undocumented immigrant] from liability for taking 'any proper steps for the purpose of securing cancellation of or exemption from such order of removal' [and] is intended to prevent the [undocumented immigrant] from being prosecuted on the basis of his or her attempts to contest removal." *United States v. Ashraf*, 628 F.3d 813, 824 (6th Cir. 2011) (quoting 8 U.S.C. § 1253(a)(2)).

[6] *Leahy*, 445 F.3d at 651.