HUNTINGTON NATIONAL BANK,
APPELLEE, *v.* HERITAGE INVESTMENT
GROUP ET AL., APPELLANTS.

(No. 1245—Decided October 5, 1983.)

*Mr. Charles F. Johnson, Mr. Charles M. Cobbe* and *Ms. Nancy B. Young,* for appellee.

*Mr. Paul P. Chalko,* for appellant Heritage Investment Group.

*Mr. Joseph G. Berick, Mr. Anthony Hartman* and *Mr. Scott W. Miller,* for appellants Kenneth and Marilyn Fordenwalt.

*Mr. Dale Chase* and *Mr. William Young,* for appellant Cuyahoga Savings Assn.

*Mr. William Thorne,* assistant prosecuting attorney, for appellant Medina County Treasurer.

*Mr. John J. Petro,* for appellant Pacific Indemnity Co.

GEORGE, J. The Huntington National Bank ("Huntington") filed a complaint against Heritage Investment Group ("Heritage"), Thomas Ruble, Ruth Ruble, Kenneth Fordenwalt and Marilyn Fordenwalt. Huntington sought money judgments upon certain cognovit notes and the foreclosure of mortgages held on two parcels of land. By an amended complaint, Cuyahoga Savings Association and Pacific Indemnity Co. were named as defendants based upon their respective claims of interest in the property. The cognovit judgment was taken on April 26, 1982.

Heritage filed a motion under Civ. R. 60(B)(5) to vacate the cognovit judgment and also a counterclaim against Huntington. The Civ. R. 60(B)(5) motion was denied. An appeal was taken to this court, but was subsequently dismissed for lack of a final appealable order. *Huntington Natl. Bank* v. *Heritage Investment Group* (Feb. 2, 1983), Medina App. No. 1213, unreported.

Heritage demanded a jury trial on the counterclaim and renewed the demand in its amended counterclaim. At a hearing held on February 3, 1983, the trial court denied Heritage's demand for a jury trial and proceeded to hear the original action and counterclaim. Thereafter, the trial court rendered its decision which included findings that: (1) the cognovit judgment previously had been rendered to Huntington against Heritage, Thomas and Ruth Ruble, in the amount of $870,479.67 on the note; (2) the cognovit judgment previously had been rendered to Huntington against Kenneth and Marilyn Fordenwalt in the amount of $95,752.76 on the note; (3) Cuyahoga Savings Association had a first mortgage on the five acres owned by Thomas and Ruth Ruble; (4) Pacific Indemnity Co. had a second mortgage on the same five acres; and (5) Heritage's counterclaim was without merit. The decision included an order providing that Heritage's equity of redemp-

tion be foreclosed and that the properties be sold.

The first assignment of error alleges that the trial court improperly denied Heritage's demand for a jury trial. Heritage acknowledges that there was no right to a jury trial on the complaint in foreclosure as it was equitable in nature. Heritage maintains, however, that its counterclaim presented legal issues which gave rise to the right to a jury trial.

A legal counterclaim which, if true, would extinguish the original claim is an issue for trial which may be heard by a jury. *Sallady* v. *Webb* (1887), 2 Ohio C.C. 553. See, also, 37 Ohio Jurisprudence 2d (1959) 566, Mortgages, Section 371. Where, however, the legal counterclaim is incidental or ancillary to the equitable nature of the original claim, it is not an abuse of discretion on the part of the trial court to deny Heritage's request for a jury trial. *Ireland* v. *Cheney* (1935), 129 Ohio St. 527 [2 O.O. 523]; and *Miles* v. *N. J. Motors* (1975), 44 Ohio App. 2d 351, 357 [73 O.O.2d 404].

Upon a review of the pleadings, this court concludes that the trial court did not abuse its discretion in denying Heritage's demand for a jury trial. The action was commenced as a claim for equity. Heritage's legal counterclaim did not alter the overall nature of the action so as to require a jury trial. Accordingly, the first assignment of error is overruled.

Heritage secondly asserts that the trial court erred in denying the Civ. R. 60(B)(5) motion to set aside the cognovit judgment. The trial court denied the motion to vacate based upon hearings, the affidavit of Thomas Ruble, briefs, and arguments of counsel.

In reviewing this assignment of error, a determination must be made as to whether the trial court abused its discretion in denying the Civ. R. 60(B) motion. This court concludes there was no abuse of discretion and, thus, no error in denying the motion to vacate. The Supreme Court in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus, held:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The primary issue before the trial court was whether Heritage had presented a meritorious claim or defense. In its motion and the affidavit of Ruble, Heritage presented several defenses in support of its claim for relief from judgment. The record indicates that the cognovit judgment was properly taken and Heritage's defenses were without merit. Heritage has failed to demonstrate any abuse of discretion on the part of the trial court in denying the Civ. R. 60(B) motion. The second assignment of error is not well-taken.

The final assignment of error asserts that this court is without jurisdiction as there has been no final order rendered by the trial court. This court has reviewed the transcript of docket and journal entries and finds that on March 11, 1983, the trial court entered a final judgment of foreclosure and sale disposing of all issues as to all parties. That judgment entry is a final appealable order under R.C. 2505.02 and the jurisdiction of this court has been properly invoked. Accordingly, the third assignment of error is without merit.

Each assignment of error having been found to be without merit, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.