The STATE of Ohio, Appellee,

v.

FLESHER, Appellant.

[Cite as *State v. Flesher* (1990), 66 Ohio App.3d 602.]

Court of Appeals of Ohio,
Portage County.

No. 89–P–2084.

Decided June 4, 1990.

*David W. Norris*, Prosecuting Attorney, and *David Foster*, Assistant Prosecuting Attorney, for appellee.

*William J. Kennick*, for appellant.

CHRISTLEY, Presiding Judge.

The appellant, Robert D. Flesher, is appealing his conviction under R.C. 2925.11(C)(3), possession of marijuana, based on the Free Exercise Clause of the First Amendment to the United States Constitution.

When appellant was pulled over for a loud exhaust, the officer who approached appellant's vehicle noticed a partially burned marijuana cigarette in the ashtray. After the appellant signed a waiver, the police officer searched the vehicle and found a bag of marijuana seeds, an unused marijuana cigarette, and other partially burned marijuana cigarettes. In total, the appellant was found to possess twenty-seven grams of marijuana.

Neither the legality of the police procedure nor his possession of the twenty-seven grams of marijuana is disputed by appellant.

Instead, appellant seeks a religious exemption to the law by claiming he is a founder of a bona fide religious group which espouses a belief in a supreme being and has a religious and ethical code. Appellant claims the use of marijuana is a necessary and indispensable part of his religion. The smoke from the marijuana "lifts the prayers into the heaven."

At trial, appellant presented evidence regarding his religious use of marijuana. After considering the evidence, the trial court made a judgment entry finding the appellant guilty of possession of marijuana and imposed a $20 fine and court costs.

Appellant timely appeals with the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant in finding him guilty for possession of marijuana when the Freedom of Exercise of Religion Clause of the First Amendment of the United States Constitution guarantees his right to possess and use marijuana for religious purposes when the use of such marijuana is indispensable and necessary to the conduct of his religious observances."

Appellant asserts that marijuana is indispensable and necessary to the conduct of his religious observances; therefore, it is protected under the First Amendment. His argument is without merit.

The right to the free exercise of religion has two distinct constitutional factors: "There is freedom to believe, which is an absolute freedom. There is likewise, the freedom to act, which may be controlled * * *." *Bacher v. North Ridgeville* (1975), 47 Ohio App.2d 164, 168, 1 O.O.3d 255, 257, 352 N.E.2d 627, 630 (citing *United States v. Ballard* [1944], 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148; *Cantwell v. Connecticut* [1940], 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213).

The court of appeals in *Bacher, supra,* further stated:

"The freedom to act on behalf of one's religious beliefs does not free an individual from responsibility to conduct themselves obediently to laws, which are imperatively necessary to protect society as a whole from grave and pressing dangers to interests which the state may lawfully protect. *West Virginia Bd. of Ed. v. Barnette* (1943), 319 U.S. 624 [63 S.Ct. 1178, 87 L.Ed. 1628]. Later case law, when applying a test to state action, now mandates that there be a compelling state interest to justify and warrant a curtailment in any way of first amendment rights. *Wisconsin v. Yoder* (1972), 406 U.S. 205 [92 S.Ct. 1526, 32 L.Ed.2d 15]; *Shapiro v. Thompson* (1969), 394 U.S. 618 [89 S.Ct. 1322, 22 L.Ed.2d 600]; *Sherbert v. Verner* (1963), 374 U.S. 398 [83 S.Ct. 1790, 10 L.Ed.2d 965]." *Bacher, supra,* 47 Ohio App.2d at 168, 1 O.O.3d at 257, 352 N.E.2d at 630.

The appellant analogized his circumstances to that of the native Americans in *People v. Woody* (1964), 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 813. However, even the requirement of establishing a compelling state interest has been swept away by the most recent United States Supreme Court decision in *Employment Div., Dept. of Human Resources of Oregon v. Smith* (1990), 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876.

In *Smith,* which was factually similar to *Woody,* the Supreme Court found that a criminal prohibition against the use of peyote, a hallucinogenic drug, is not unconstitutional even under the First Amendment Free Exercise Clause. It went even further and eliminated the need for the compelling state interest test when the law or statute at issue is determined to be a neutral, generally applicable law, and is not specifically directed to religious practice, and is otherwise constitutionally sound.

Thus, for better or for worse, the United States Supreme Court has signaled a new parameter in the government's ability to curtail religious practice without first demanding that the state set forth and prove that it has a compelling interest which supersedes the individual's right to exercise his religious freedom.

The *Smith* case therefore reduces appellant's arguments to a puff of smoke.

The appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

JOSEPH E. MAHONEY and FORD, JJ., concur.