**LIVISAY, Appellee,**

v.

**OHIO BOARD OF DIETETICS, Appellant.**

[Cite as *Livisay v. Ohio Bd. of Dietetics* (1991), 73 Ohio App.3d 288.]

Court of Appeals of Ohio,
Franklin County.

89AP–858.

Decided April 25, 1991.

*Stephen D. Jones,* for appellee.

*Lee I. Fisher,* Attorney General, and *Lauren M. Ross,* for appellant.

*Per Curiam.*

Carol Livisay, appellee, applied for a license as a dietitian with the Ohio Board of Dietetics, appellant, which, after a hearing, issued an order denying her licensure as a dietitian. She appealed to the Court of Common Pleas of Franklin County, which reversed the order of the board concluding that its order was contrary to law in that it retroactively imposed a substantive requirement for obtaining a license.

The board appeals, setting forth the following assignment of error:

"The court below erred in concluding that the guidelines adopted by the board of dietetics to describe what degrees the board would consider to be in a 'related field' to nutrition within the meaning of R.C. 4759.06(D)(2) were applied retroactively."

The Ohio General Assembly enacted R.C. Chapter 4759, entitled "Dietetics," effective July 1, 1987. R.C. 4759.06 sets forth qualifications for licensure for a dietitian. This section contains a "grandfather" clause in R.C. 4759.06(D)(2) which permits the waiver of certain requirements otherwise applicable if the applicant presents, as pertinent, satisfactory evidence of the following in his application for licensure to practice dietetics:

"Provided that the application is filed no later than one year after the effective date of this section, practicing dietetics for three years prior to the effective date of this section and holding a baccalaureate or higher degree in nutrition, or another related field acceptable to the board, from an institution of higher education that is approved by a regional accreditation agency that is recognized by the council on postsecondary accreditation."

Livisay filed her application in April 1988, which was within the one-year period specified by R.C. 4759.06(D)(2). It is undisputed that she had practiced dietetics for three years prior to the effective date of the section. The only item in dispute for her otherwise qualifying for licensure by the "grandfather" provision is whether she holds a baccalaureate degree in nutrition or another related field acceptable to the board.

Livisay received a bachelor of arts degree in home economics in 1978 from Otterbein College. Since her degree was not in nutrition, the question was whether it is another related field acceptable to the board. The board denied licensure after determining that her degree in home economics was not sufficiently related to the field of nutrition because she did not take any chemistry course in college. After her application but prior to the time of issuing its decision, the board by resolution published its "interpretation" of R.C. 4759.06(D)(2), in which it held that grandfather applicants must have a college course in chemistry noted on their transcripts. The common pleas

court held that this "interpretation" of the statute imposed a substantive requirement for obtaining a license on August 27, 1988 when the last day for grandfathering was June 30, 1988.

From 1978 until the time of her application, Livisay worked in a variety of job settings which required her to make nutritional assessments in order to determine nutritional needs and to perform nutritional counseling. She held at least one position which required her to supervise the conduct and activity of registered dietitians. At the time she applied for her licensure under the grandfather provision, she was unaware that the board would make a college chemical course one of its requirements for licensure. It was not until August 27, 1988, when guidelines for grandfather applications were approved by the board, that she became aware of this requirement. She states that she has had substantial instruction in chemistry both in high school and work experience, and by continuing education programs approved by the American Dietetic Associations which included substantial chemistry content. The August 27, 1988 ruling by the board came at a point when she was unable to complete a college course within the one-year period, as the additional requirement labeled "guidelines or interpretation" of the statute came at a time that, in effect, deprived her of any opportunity to be grandfathered in as a licensed dietitian.

■ R.C. 119.03 provides certain procedures that an agency must comply with in order to adopt rules. These procedures were admittedly not employed by the board which contends that the procedures were not required because what was adopted was not a rule. R.C. 119.01(C) defines a rule as any rule, regulation, or standard having a general and uniform operation adopted, promulgated, or enforced by any agency under the authority of the laws governing that agency. A rule does not include any internal management rule of an agency unless the internal management rule affects private rights.

R.C. 119.02 provides that the failure of any agency to comply with the proper procedures shall invalidate any rule adopted by the agency.

The controlling issue is whether the "interpretation" by the board of R.C. 4759.06(D) to require a college course in chemistry in order for a degree to qualify as being in "another related field acceptable to the board" met the definition of a rule.

■ The action of the board was not one where the board determined on a case-to-case basis that Livisay's degree in home economics was not in a related field. Instead, the board in the guise of interpretation passed a rule designed to have general and uniform application to any applicant for grandfather licensure that did not have a degree in nutrition. Hence, the action of the

board constituted a rule because it was to have a general and uniform operation. See R.C. 119.01(C). See, also, *Ohio Nurses Assn., Inc. v. Ohio State Bd. of Nursing Edn. & Nurse Registration* (1989), 44 Ohio St.3d 73, 540 N.E.2d 1354, where a position paper was held to be a rule because it was intended to have a uniform application to all LPNs in the state of Ohio.

While obviously a new board cannot promulgate rules immediately and a certain period of time is necessary and proper for promulgation of rules, it was arguably unfair that the board waited until after the one-year period elapsed before enacting a requirement which this applicant could no longer comply with in order to be licensed under the grandfather clause. However, the determinative issue is whether the board adopted a "rule" without complying with the necessary procedures which would render it of no effect. As we have held, the board did adopt a rule intended for general application to all persons in the situation of Livisay. There was no individual consideration of Livisay's training, experience, or knowledge of chemistry. She was disqualified solely because of the "rule."

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac and McKinley, JJ., concur.

Whiteside, J., concurs separately.

Gary F. McKinley, J., of the Union County Common Pleas Court, sitting by assignment in the Tenth Appellate District.

Whiteside, Judge, concurring.

Although I concur in the judgment, there is an additional reason for the result. The words "acceptable to the board" in R.C. 4759.06(D) modify the words "another related field" not the word "degree." In other words, the duty of the board is to determine what fields are sufficiently related to nutrition so as to permit a degree in that field to be substituted for one in nutrition. It is not the function of the board to examine the courses taken in order to obtain a particular degree in an approved field so long as the institution granting the degree is approved by a recognized regional accreditation agency.