OPINION
Appellant Diana Nolen appeals a judgment of the Richland County Common Pleas Court finding that a transfer of real property by Maria Palsa to appellant Diana Nolen was a fraudulent transfer, and entering judgment in favor of appellee Richard Wilson, the trustee of the Blazo Corporation bankruptcy estate:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: NOT RECOGNIZING THE PRIOR RULINGS OF THE APPELLATE COURT IN THIS MATTER.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: RULING THAT THE INSOLVENCY OF DEBTOR/EX-DEFENDANT MARIA PALSA WAS PROVEN WHEN IN FACT IT WAS NOT PROVEN.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: ALLOWING UNSUPPORTED HEARSAY TESTIMONY IN THE PLAINTIFF'S TESTIMONY.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: NOT CONSIDERING ALL LEGAL DEFINITIONS OF CONSIDERATION.
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: PROCEEDING WITHOUT THE PARTICIPATION OF THE PRIMARY DEFENDANT, MARIA PALSA, WHICH PLACED AN "UNDUE BURDEN" ON MYSELF, THE REMAINING DEFENDANT.
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: TAKING POSSESSION OF THE HOUSE AND PROPERTY IN QUESTION WITHOUT FIRST FOLLOWING DUE PROCESS.
 VII. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: RULING AGAINST THE EVIDENCE, AS WELL AS FAILING TO CONSIDER THE SPIRIT OF THE LAW AND FAILING TO CONSIDER THE FEDERAL STATUTES CITED AS "PERSUASIVE AUTHORITIES."
 VIII. THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: DENYING MY RIGHT TO TRIAL BY JURY.
 IX. THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT BY: NOT ALLOWING ME TO CROSS-EXAMINE THE PLAINTIFF ON ORC 1336.04(B), THE KEY STATUTE ON WHICH THIS CASE REVOLVES.
On February 8, 1993, appellee, as the lawful representative of the bankruptcy estate, brought an adversary proceeding against Palsa in bankruptcy court. The proceeding sought the recovery of $200,000 that Palsa had illegally received from Blazo Corporation and Vision Television Network, Inc., pursuant to a Ponzi scheme. On November 9, 1993, appellee was awarded summary judgment by the bankruptcy court, and granted a judgment in the amount of $200,000 against Palsa.
The trustee transferred the bankruptcy judgment to the Richland County Common Pleas Court and began to execute on the judgment. Palsa testified that she had no assets with which to pay the bankruptcy judgment. While executing on the judgment, the trustee discovered that on July 12, 1993, Palsa quit-claimed her interest in real property to appellant. Appellant paid Palsa no money for the transfer. Palsa and appellant entered into an oral understanding which allowed Palsa to live at the property for a short period of time, despite paying appellant no rent to live there.
On March 18, 1994, appellee filed a suit against Palsa and appellant, seeking to void the July 12, 1993 transfer as a fraudulent transfer, pursuant to R.C. 1336.01 et. seq. Palsa failed to defend, and default judgment was entered against her. Appellant filed an answer, and requested a jury trial.
On December 8, 1994, appellee filed a second suit seeking to foreclose the judgment lien the trustee had perfected against the property based on the bankruptcy judgment. Again, Palsa chose not to defend, and default judgment was entered. Appellant answered the allegations in the foreclosure case, but failed to request a jury trial.
The court entered summary judgment in favor of appellee and against appellant in the fraudulent transfer case. This court reversed that summary judgment, determining that there was an issue of fact as to whether Palsa received a reasonably equivalent value from appellant in exchange for the transfer.
After the fraudulent transfer case was remanded to the Richland County Common Pleas Court, the court consolidated the case with the foreclosure case. The trial court granted appellee's motion to strike appellant's jury demand, finding that a fraudulent transfer action is an equitable cause of action, to which the right to a jury trial does not apply. The case proceeded to bench trial in the Common Pleas Court. Following trial, the court concluded that Palsa had fraudulently transferred the property to appellant. The court concluded that Palsa transferred the property for less than a reasonably equivalent value, and that Palsa was insolvent at the time of the transfer. The court determined that Palsa had the intent to defraud creditors through the transfer of the property, and the acts of Palsa satisfied the five badges of fraud in R.C. 1336.04(B).
 I.
Appellant argues that the court failed to follow the doctrine of law of the case, by failing to follow the prior ruling of this court during the first appeal. Appellant argues that this court previously determined as a matter of law that none of the badges of fraud contained in R.C. 1336.04(B) could be met.
In the first appeal, this court determined as a matter of law that Palsa did not retain any legal interest in the property, because the quit-claim deed did not specifically allow her a life estate. This court further determined as a matter of law that appellant was not an insider of Palsa as defined in the Revised Code. We further concluded that there was a disputed fact as to whether Palsa received anything of a reasonably equivalent value from appellant in exchange for the transfer.
The trial court's judgment is not inconsistent with this court's prior ruling. The court made no finding as to whether appellant was Palsa's insider. The court concluded that Palsa retained a de facto ownership of the property, but did not make a finding concerning Palsa's legal rights pursuant to the quit-claim deed. The court then performed its task as remanded from this court, by making Findings of Fact concerning whether Palsa received anything of value in exchange for the property.
The first Assignment of Error is overruled.
 II. VII.
In her second and seventh Assignments of Error, appellant argues that the court's factual findings were against the manifest weight of the evidence.
We note that the file as transmitted by the Richland County Clerk's office is in a state of total disarray. However, it appears from the file that although appellant requested a transcript of the proceedings in her praecipe to the Clerk of Courts, she failed to order the transcript from the court reporter as required by App.R. 9(B). Therefore, the record was transmitted without a transcript of the proceedings. In considering claims concerning the weight of the evidence, we are required to review the record to determine if the judgment is supported by some competent, credible evidence. C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279. When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has no choice but to presume validity of the lower court's proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As the transcript of the proceedings is necessary to resolve questions concerning weight of the evidence, we must presume regularity and affirm.
The second and seventh Assignments of Error are overruled.
 III., V., VI., IX.
Appellant third, fifth, sixth, and ninth Assignments of Error allege that the court erred in various evidentiary rulings during trial. Again, in the absence of a transcript, we cannot resolve these errors, and must presume validity in the lower court's proceedings. Knapp, supra.
The third, fifth, sixth, and ninth Assignments of Error are overruled.
 IV.
Appellant argues that the court did not apply the correct definition of "value" when determining that Palsa did not receive reasonably equivalent value in exchange for the property. Appellant argues that Palsa's peace of mind in disinheriting her children is the value she gave in exchange for the property.
The court properly applied the definition of "value" found in R.C. 1336.03(A), which is part of Ohio's version of the Uniform Fraudulent Transfer Act. Peace of mind does not satisfy the definition of "value" which was correctly used by the trial court in determining whether the transfer was fraudulent.
The fourth Assignment of Error is overruled.
 VIII.
Appellant argues that the court erred in denying her a jury trial. She argues that the instant case is not a case of equity, but is an action to collect a debt, and she is, therefore, entitled to a jury trial.
First, appellant did not request a jury trial with respect to any of the issues raised in the foreclosure case. She only requested a jury trial on the issues raised in the fraudulent conveyance case.
The fraudulent transfer case is an action in equity. In Ohio, the right to a jury trial does not exist in an equitable cause of action. Ohio Board of Dietetics v. Brown (1993),83 Ohio App.3d 242, 247.
The eighth Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.