[Cite as *MidFirst Bank v. Spencer*, 2020-Ohio-106.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MIDFIRST BANK,                           :

    Plaintiff-Appellee,              :

                                     No. 108292

    v.                               :

GERALD A. SPENCER, ET AL.,               :

    Defendants-Appellants.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-850327

---

### *Appearances:*

Manley Deas Kochalski, L.L.C., and Matthew J. Richardson, *for appellee.*

Law Office of Paul B. Bellamy, JD, PhD, and Paul B. Bellamy, *for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendants-appellants Gerald and Yohnta Spencer ("the Spencers") appeal from the trial court's order adopting the magistrate's decision granting

judgment in favor of plaintiff-appellee MidFirst Bank ("MidFirst") and entering a decree of foreclosure. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} This is a foreclosure case stemming from the Spencers defaulting on their mortgage related to the residential property located at 5216 Milo Avenue in Maple Heights, Ohio ("the property"). On October 26, 2015, MidFirst filed a complaint for foreclosure against the Spencers, alleging that it was entitled to foreclose its mortgagee interest in the property as a result of the Spencers' default on their note and mortgage. MidFirst attached copies of the note, mortgage, and assignments to its complaint. MidFirst also sought to reform the legal description of the property in the mortgage to correct a scrivener's error.

{¶ 3} On March 13, 2001, the Spencers executed a promissory note and mortgage in the amount of $112,610. They defaulted on the note and mortgage in August 2013. The note provided that Union National Mortgage Co. ("Union") was the Lender, and the mortgage stated that Mortgage Electronic Registration Systems, Inc. ("MERS") was acting solely as nominee of Union and Union's successors and assigns, and MERS was the mortgagee under that security instrument. On October 31, 2011, Union executed an assignment of the mortgage in favor of Citimortgage, Inc. ("Citimortgage"), and on February 2, 2012, Citimortgage further assigned the mortgage to MidFirst. The copy of the note initially attached to the complaint contained a stamped and undated indorsement in blank from Union signed by Union's assistant vice president.

{¶ 4} On September 25, 2015, the Spencers filed a pro se answer to MidFirst's complaint. The parties engaged in mediation discussions, but the discussions were unsuccessful, and the Spencers subsequently retained counsel. On December 24, 2015, the Spencers filed an amended answer with counterclaims. The magistrate held a hearing in which counsel for MidFirst presented the Spencers and the court with the original note, which contained additional indorsements terminating in a specific indorsement to MidFirst.

{¶ 5} On January 29, 2016, with leave of court, MidFirst filed an amended complaint and attached a copy of the note in what MidFirst described as its current state. The note contained an indorsement from Union to Principal Residential Mortgage, Inc. ("Principal"), dated March 13, 2001. The note also contained an indorsement from Principal[1] to MidFirst, executed by Paul Bognanno ("Bognanno"), Principal's president and chief executive officer.

{¶ 6} On February 12, 2016, the Spencers filed an amended answer with counterclaims, alleging that MidFirst had violated the Fair Debt Collections Practices Act ("FDCPA"), had committed fraud, and had committed invasion of privacy by intrusion upon seclusion. On April 11, 2016, MidFirst filed a motion to dismiss the Spencers' counterclaims pursuant to Civ.R. 12(B)(6). The Spencers filed a brief in opposition to MidFirst's motion to dismiss.

---

[1] Principal merged into Citimortgage in 2005.

{¶ 7} On May 20, 2016, the trial court granted MidFirst's motion to dismiss in part and denied the motion in part. The trial court granted the motion with respect to the Spencers' counterclaim for fraud. The court explained its ruling as follows:

> Since statements made in the complaint are intended to cause the court to act upon them, not defendants, any misrepresentations in the complaint cannot form the basis of a fraud claim, even if the defendants allege that they acted upon the statements. *Castellanos v. Deutsche Bank*, (July 6, 2012) U.S. Dist. Ct. S.D. Ohio No. 1:11-CV-815, 2012 U.S. Dist. LEXIS 93455. Accordingly, defendant's counterclaim for fraud fails to state a claim and is dismissed.
>
> Since defendants allege that plaintiff is not collecting its own debt and, therefore is a debt collector, allege that the loan is a residential transaction, allege that they are consumers, and allege that, by submitting false documents with the complaint, committed an act in violation of the FDCPA, defendants state a claim for violation of the FDCPA. *Wallace v. Wash. Mut. Bank, FA*, (6th Cir. 2012), 683 F.3d 323, 327. Therefore, plaintiff's motion to dismiss is denied as to this claim.
>
> A claim for invasion of privacy by intrusion of seclusion requires activities that cause outrage, mental suffering, shame or humiliation to a person of ordinary sensibilities. *Housh v. Peth*, (1956), 165 Ohio St. 35. If, as defendants allege, plaintiff caused the default on the loan by willfully failing to accept payments after a modification, plaintiff may have committed such an act. Accordingly, defendants state a claim for invasion of privacy by intrusion of seclusion. Thus plaintiff's motion to dismiss is denied as to this claim.

MidFirst then filed a reply to the Spencers' surviving counterclaims, denying all of the allegations.

{¶ 8} On November 14, 2016, MidFirst filed motions for summary judgment on both its foreclosure complaint and the Spencers' counterclaims. On February 7, 2017, the magistrate denied summary judgment with respect to

MidFirst's foreclosure claim and the Spencers' FDCPA counterclaim and granted summary judgment in favor of MidFirst as to the Spencers' invasion of privacy counterclaim. On February 14, 2017, the Spencers filed a motion to set aside the magistrate's order setting the case for a bench trial and claimed that they were entitled to a jury trial. On February 23, 2017, MidFirst filed objections to the magistrate's decision. On May 2, 2018, the trial court sustained one of MidFirst's objections and granted summary judgment to MidFirst as to its reformation claim. The trial court overruled MidFirst's other objections and otherwise adopted the magistrate's decision. The trial court also denied the Spencers' motion to set aside the magistrate's order setting a bench trial.

{¶ 9} A bench trial was held on July 13, 2018. MidFirst called two of its employees as witnesses to testify as to the history of the loan and MidFirst's recordkeeping processes and servicing practices. Joshua Etheredge ("Etheredge"), a MidFirst vice president and litigation specialist, testified that MidFirst was in possession of the original note on the Spencers' mortgage. Etheredge stated that MidFirst, and MidFirst alone, was entitled to enforce the note and mortgage. Etheredge also described the indorsements on the note and stated that the Spencers' mortgage was in default as of July 2013.

{¶ 10} MidFirst also called Bette Garver ("Garver"), a MidFirst vice president and the manager of its document department, who testified that MidFirst received the original note from its custodian at Citibank, and this note had a stamped indorsement in blank from Bognanno, the president and CEO of Principal,

and that MidFirst stamped its own name in the blank indorsement from Principal. Garver testified that once MidFirst received the original note from its custodian in 2013, it closed the indorsement from Principal.

{¶ 11} On September 17, 2018, the magistrate issued a decision finding that MidFirst was entitled to a decree of foreclosure and judgment in its favor on the Spencers' FDCPA counterclaim. The magistrate found that MidFirst proved the elements of its foreclosure claim by a preponderance of the evidence. Specifically, the magistrate found that it was more likely than not that the note was endorsed in blank by Principal Residential when MidFirst's document custodian acquired possession of it and that someone at MidFirst validly "closed" the indorsement. The magistrate thus concluded that MidFirst did not forge the note indorsement and therefore the Spencers' FDCPA claim necessarily fails, absent a false, deceptive, or misleading representation.

{¶ 12} On October 1, 2018, the Spencers filed objections to the magistrate's decision. On February 6, 2019, after reviewing the pleadings, evidence, trial transcript, magistrate's decision, and objections, the trial court overruled the Spencers' objections, adopted the magistrate's decision, and issued a decree of foreclosure. On February 25, 2019, an order of sale was issued to the sheriff. The Spencers initiated the instant appeal on March 12, 2019. On March 19, 2019, the Spencers filed a motion to stay execution pending this appeal. The property was sold on April 8, 2019, but the confirmation of sale has been stayed.

{¶ 13} The Spencers present three assignments of error for our review.

**Law and Analysis**

**I. Weight of the Evidence**

{¶ 14} In their first assignment of error, the Spencers argue that the magistrate's findings of fact concerning the disputed MidFirst Bank note indorsement was against the manifest weight of the evidence. Specifically, the Spencers argue that the final indorsement to MidFirst on the note was not bona fide; the Spencers believe that MidFirst forged the indorsement.

{¶ 15} When reviewing a manifest weight challenge, a court reviews the entire record, weighing all evidence and reasonable inferences and considering the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The Ohio Supreme Court has made clear that the standard set forth in *Thompkins* also applies in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. When weighing the evidence in a civil appeal, we "'must make every presumption in favor of the finder of fact, and construe the evidence, if possible, to sustain the judgment of the trial court.'" *Bank of Am., N.A. v. Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, ¶ 24 (8th Dist.), quoting *Eastley*, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 16} At trial in a foreclosure action, a plaintiff is required to show (1) that it was either the holder of the note and mortgage or a party entitled to enforce those

instruments; (2) the chain of assignments and transfers; (3) that the mortgagor was in default under the terms of the loan; (4) that all conditions had been met; and (5) the amount due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

{¶ 17} Here, the Spencers question whether MidFirst was entitled to enforce the note in light of the second indorsement. The note submitted at trial contains two indorsements: one from Union to Principal, and one from Principal to MidFirst. At trial, the Spencers and MidFirst offered competing versions of how the second indorsement came to be.

{¶ 18} According to MidFirst, when it acquired the original note from its document custodian, it contained one specific indorsement from Union and a second blank indorsement from Principal. MidFirst claimed at trial that sometime around May 2013, it completed, or closed, the blank indorsement, as it was permitted to do pursuant to R.C. 1303.25(C), making the note specifically payable to MidFirst.

{¶ 19} According to the Spencers, MidFirst forged the note indorsement from Principal to MidFirst. The Spencers based this assertion in part on communications among MidFirst employees and counsel, and in part on the fact that MidFirst never produced a copy of the note showing a blank indorsement from Principal. Therefore, according to the Spencers, it was error for the trial court to rely on the testimony of Garver and Etheredge to support its finding that MidFirst had not forged the indorsement.

{¶ 20} In response, MidFirst points out that the Spencers did not dispute that MidFirst had possession of the original note, or even that it was indorsed to MidFirst. Instead, the Spencers relied on the absence of a copy of the note showing a blank indorsement to draw the inference that MidFirst must have forged such an indorsement. MidFirst also argues that the indorsement in question was placed on the note through a stamp containing Bognanno's signature, and MidFirst had never possessed such a stamp. Further, MidFirst points out that the stamp used to close the indorsement with MidFirst's name is a different font and size than that of Principal's name.

{¶ 21} MidFirst also presented evidence explaining that it had attached an outdated copy of the note to its initial complaint in error. Specifically, Garver testified that MidFirst had received multiple outdated copies of the note from Citimortgage, the prior servicer, when MidFirst began servicing the note in December 2011. One such copy of the note contained only an indorsement in blank from Union. Another copy contained an indorsement from Union to Principal but no further indorsements. Garver testified that after MidFirst received the original note from its document custodian, it was closed pursuant to MidFirst's policy and its rights under R.C. 1303.25(C). Finally, MidFirst pointed out that it had no reason to make or keep a copy of the note as it received it, containing a blank indorsement from Principal. The Spencers did not present any evidence to controvert the foregoing.

**{¶ 22}** Our review of the record in this case, including the transcript of the bench trial, shows that the magistrate evaluated all of the foregoing evidence. The magistrate concluded by a preponderance of the evidence that communications between MidFirst employees and counsel was not a request to fabricate an indorsement from Principal to MidFirst, and ultimately, that MidFirst did not forge Principal's signature on the note indorsement. We agree. The lower court's conclusions in this case are supported by competent and credible evidence. Therefore, the Spencers' first assignment of error is overruled.

## II. Motion to Dismiss

**{¶ 23}** In their second assignment of error, the Spencers argue that the court committed reversible error when it adopted a ruling from the Southern District of Ohio — *Castellanos*, S.D.Ohio No. 1:11-cv-815, 2012 U.S. Dist. LEXIS 93455 — in derogation of the common law and the expressed public policy of Ohio to dismiss their counterclaim for fraud. The trial court cited *Castellanos* in its decision dismissing the Spencers' fraud claim under Civ.R. 12(B)(6) for failure to state a claim.

**{¶ 24}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 32, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). For a trial court to dismiss a claim under Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no

set of facts in support of his or her claim that would entitle the plaintiff to relief." *Id.*, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Appellate courts apply a de novo standard of review to review the trial court's Civ.R. 12(B)(6) dismissal. *Glazer* at ¶ 34, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136.

{¶ 25} The Spencers alleged that MidFirst had committed common law fraud against them. A common law fraud claim requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991), citing *Burr v. Bd. of Cty. Commrs.*, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101 (1986).

{¶ 26} In their counterclaim, the Spencers alleged that MidFirst made false representations as to its entitlement to enforce the note by attaching a misleading copy of the note to its complaint, that it knew or should have known that the note was misleading, that the Spencers justifiably relied on the copy of the note attached

to the complaint as being bona fide, and that they suffered damage as a result of relying upon MidFirst's fraud.

{¶ 27} The trial court dismissed the Spencers' fraud claim on the basis that borrowers such as the Spencers cannot assert a fraud claim predicated on the validity of documents filed in a foreclosure case because the documents were not directed at the borrowers and thus the borrowers could not have justifiably relied on them. State and federal courts in Ohio have routinely held that the elements of fraud must be directed at the alleged victim, and borrowers such as the Spencers cannot support a fraud claim by pointing to allegedly fraudulent mortgage documents. *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. Franklin No. 02AP-161, 2002-Ohio-4327, ¶ 15; *BAC Home Loans Servicing L.P. v. Fall Oaks Farm L.L.C.*, S.D.Ohio No. 2:11-CV-274, 2013 U.S. Dist. LEXIS 7803, (Jan. 18, 2013); *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 U.S. Dist. LEXIS 109818 (S.D. Ohio Sept. 27, 2011); *McCubbins v. BAC Home Loans Serving, L.P.*, No. 2:11-CV-547, 2012 U.S. Dist. LEXIS 5620 (S.D. Ohio Jan. 18, 2012); *Castellanos*, S.D.Ohio No. 1:11-cv-815, 2012 U.S. Dist. LEXIS 93455. The Spencers' argument that the court's holding in *Castellanos* was a derogation of Ohio law therefore fails.

{¶ 28} Further, despite the allegations in their counterclaim, it is unclear how the Spencers could have relied to their detriment upon any alleged misrepresentation by MidFirst. On the contrary, the ultimate issue in the underlying case revolves around the Spencers' challenge to the note indorsement. A cause of action for fraud requires that the complainant actually relied upon the

representation, to their detriment, and the claimed injury must flow from this reliance. *Glazer*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, at ¶ 83, citing *Morgan Stanley Credit Corp. v. Fillinger*, 2012-Ohio-4295, 979 N.E.2d 362, ¶ 25 (8th Dist.), *appeal not allowed*, 134 Ohio St.3d 1487, 2013-Ohio-902, 984 N.E.2d 30. Like this court in *Glazer*, we fail to see how the Spencers justifiably relied on alleged misrepresentations when they vigorously contested those representations in their foreclosure case at the trial court. Therefore, the Spencers' second assignment of error is overruled.

### III. Jury Trial

{¶ 29} In their third and final assignment of error, the Spencers argue that the court committed prejudicial, reversible error in denying them a jury trial on their counterclaims in violation of their constitutional right to a jury trial on material factual issues concerning a suspect indorsement on the loan note. We disagree.

{¶ 30} "An action in foreclosure is equitable in nature and may be heard by the court. Neither party may assert a right to a jury trial in an equitable action." *Natl. City Bank v. Abdalla*, 131 Ohio App.3d 204, 210, 722 N.E.2d 130 (7th Dist.1999), citing *City Loan & Savs. Co. v. Howard*, 16 Ohio App.3d 185, 186, 475 N.E.2d 154 (1984). Further, although the Spencers raise a counterclaim, this does not change the overall nature of the action so as to require a jury trial. *Id.*, citing *Huntington Natl. Bank v. Heritage Invest. Group*, 12 Ohio App.3d 113, 114, 467 N.E.2d 564 (9th Dist.1983).

**{¶ 31}** Further, R.C. 2311.04 provides that issues of fact arising in actions for recovery of money only, or specific real or personal property, shall be tried by a jury, but "all other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury." Thus, courts are empowered with discretion to impanel a jury. We therefore review the trial court's decision to hold a bench trial for abuse of discretion. *Sabatino v. Capello*, 8th Dist. Cuyahoga No. 54943, 1989 Ohio App. LEXIS 193, 3 (Jan. 19, 1989). The Spencers argue that their counterclaims presented issues of fact appropriate for trial by jury. We are not persuaded. Because MidFirst was not seeking a personal judgment on the note, we find no abuse of discretion in the trial court's decision to have a bench trial. Therefore, the Spencers' third assignment of error is overruled.

**{¶ 32}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR